## BELL & SON *v.* GUNN, agent, *et al.*

1. Where a debtor filed a petition of interpleader against his creditor and several of the creditors of the latter who claimed specific liens upon the property of the plaintiff as security for their demands, and paid into court a fund to stand in lieu of the property, and it was sought to conduct the proceeding so as to substitute that fund, for all purposes with reference to the alleged liens, for the property itself, the creditor of the plaintiff was a necessary party, and the case was not ready to proceed and be finally disposed of as to any of the parties thereto until he was served with process, or had acknowledged service or duly waived it by appearance or otherwise. Until this occurred, the court could not, without his consent, pay out the fund or any of it either upon the liens claimed on the plaintiff's property, or upon a prior general judgment against the unserved defendant.

2. While the court was right in not recognizing the right or power claimed by the attorneys for one of the lienholders, without other evidence of its existence than the statement in their places of these attorneys, to represent the absent defendant (their clients' debtor), in acknowledging or waiving service of the original process, or of the interpleading petition filed by themselves in behalf of their client, the court did err in awarding a portion of the fund to a judgment creditor of the absent defendant without having him properly served with process in the main action at least.

July 23, 1894.                                    *Judgment reversed.*

Interpleader.    Before Judge BARTLETT.    Bibb superior court.    November term, 1893.

Mrs. Rossiter, owing Higley a sum of money for building a house, brought her petition against him and several others who were his creditors, and paid the money into court upon a consent order requiring defendants to interplead and set up their claims, and providing that the respective liens should attach to the fund in court.    Bell & Son and others claimed liens for material furnished to Higley in erecting the house, which liens had not been foreclosed.    Gunn, agent, claimed under an execution against Higley, upon which a garnishment had been served upon Rossiter.    He moved that the fund be paid upon his claim (after paying cost), on the ground that Higley was not a party to the case before the court, as the original papers showed no service on him.    The attorneys for Bell & Son and other lien claimants stated that Higley, fully understanding that they represented these parties, employed them to represent him, saying he had no fight to make on their other clients but desired to see their claims paid; that these attorneys had since represented him, and when the consent order was taken, appeared for him and disputed with plaintiff's attorneys as to the amount to be paid into court, finally agreeing upon the same; and that it was only through oversight that their names were not signed to the order.    They offered to acknowledge service for him, and did so in open court, upon the

interventions filed by their other clients, waiving notice, etc. The court granted the motion of Gunn, agent, and Bell & Son excepted.

M. D. JONES, A. DASHER and J. H. BLOUNT, Jr., for plaintiffs in error.

HARDEMAN, DAVIS & TURNER, RYALS & STONE, FREEMAN & GRISWOLD and DESSAU & HODGES, *contra*.