# Richmond.

## OLIVER REFINING CO. v. PORTSMOUTH COTTON OIL REFINING. CORPORATION, AND PORTSMOUTH COTTON OIL REFINING CORPORATION v. OLIVER REFINING CO.

March 24, 1909.

Absent, Keith, P., and Cardwell, J.

1. DEMURRER—*Common Counts in Assumpsit.*—A demurrer to the common counts in assumpsit, in the usual form, should be overruled.

2. DEMURRER—*Questions of Evidence.*—Whether a written agreement can be introduced to sustain a recovery under the common counts in assumpsit must be determined when the evidence is offered. The question cannot be raised by a demurrer to said counts.

3. DEMURRER—*Count Good in Part.*—An objection which, if sustained, would not vitiate the whole count cannot be made by a general demurrer to the whole count.

4. DEMURRER—*Assignment of Special Causes—Several Breaches—Some Well Assigned—General Demurrer.*—The assignment of a special cause as ground of demurrer does not narrow the scope of the demurrer. Where a count contains several breaches any one of which is well assigned, this is sufficient to maintain the action, and a general demurrer to the count should be overruled.

5. PARTIES—*Contracts by Agents—Sealed and Unsealed—Who May Sue.*—Where an agent is contracted with by deed in his own name, his principal cannot sue upon it. But where a contract not under seal is made by an agent in his own name for an undisclosed principal, either the agent or the principal may sue upon it.

6. ASSIGNEES—*Action in Name of.*—The assignee or beneficial owner of a contract may, under the express provisions of section 2860 of the Code, maintain an action thereon in his own name.

VOL CIX—33.

7. CONTRACTS—*Contemporaneous  Papers—Construction.*—Where two papers are executed at the same time, or contemporaneously, between the same parties, in reference to the same subject matter, they must be regarded as parts of one transaction, and receive the same construction as if their several provisions were in one and the same instrument.

8. CONTRACT PRELIMINARY TO DEED—*Specific Exceptions—Presumption—Deed.*—When, to complete the performance of a prior contract and as a preliminary to a conveyance of property, parties make an agreement stipulating for the future adjustment of certain specific matters of difference between them, the law assumes that they intended that, with the exception of the things named, the provisions of the contract should, in all respects, be treated as satisfied by the conveyance made.

9. DEEDS—*Acceptance—Prior Executory Contract.*—Where a deed has been executed and accepted as a performance of an executory contract for the conveyance of real estate, the rights of the parties rest thereafter solely in the deed. This is true, although the deed thus accepted varies from that provided for in the contract; and the law remits the grantee to his covenants in his deed, if there is no ingredient of fraud or mistake in the case.

Error to a judgment of the Court of Law and Chancery of the city of Norfolk in an action of assumpsit.    Judgment for the plaintiff, a part of which was remitted under protest. Both plaintiff and defendant assign error.

*Reversed.*

The opinion states the case.

*C. J. Collins* and *Williams & Tunstall,* for Oliver Refining Company.

*Thos. H. Willcox* and *J. W. Willcox,* for Portsmouth Cotton Oil Refining Corporation.

BUCHANAN, J., delivered the opinion of the court.

An action of assumpsit was brought by the Portsmouth Cotton Oil Refining Corporation against the Oliver Refining

Company.  There was a verdict in favor of the plaintiff, a motion to set it aside, which was sustained upon the ground that the damages were excessive; and the trial court ordered that the verdict should be set aside and a new trial granted unless the plaintiff would remit all of its recovery except a named sum.  The plaintiff remitted under protest, and a judgment was rendered for the reduced amount.  To that judgment each party applied for and obtained a writ of error.

There was a demurrer to the declaration and to each count thereof, which was overruled.

The fourth was the common count in assumpsit.  The other three counts were based upon the following agreement in writing:

"This agreement made and entered into this 13th day of July, 1906, by and between Oliver Refining Company (a corporation organized and existing under and by virtue of the laws of the State of Virginia), a party of the first part, and Aspegren & Co., a co-partnership consisting of Adolph Aspegren and John Aspegren, having their office in the Produce Exchange in the city of New York, witnesseth:

"The said second party has offered and does offer to the stockholders, directors and officers of the first party to purchase at and for the price of $125,000.00 the property described as follows: All the buildings of the cooperage and refinery and the boiler house and all the machinery and fixtures therein contained, storage tanks, and thirty-one cars, railroad track and oil lands contained by a straight line running parallel to outside of railroad track of the refinery from the Norfolk and Portsmouth Belt Line Railroad, Paradise Creek, containing about seven acres of land, upon which said buildings and tracks are located, if more or less than seven acres are contained in said tract at the rate of five hundred dollars per acre shall be added to or deducted from said purchase price.

"The said first party also agrees to sell and said second party agrees to buy at its present market value, all the stock in trade,

consisting of barrels, caustic soda, Fuller's earth and other material contained in said building and appertaining to said business and to pay therefor in cash.

"Said first party will cause a survey to be made of the lands included in this offer and will attach the same to this instrument, when presented to its stockholders, at a meeting called for the purpose of passing upon and ratifying this proposition.

"Payment of said sum of $125,000.00, the purchase price of said property in addition to said stock in trade, shall be made as follows: $25,000.00 thereof, in cash upon the delivery of the deed by the first party, which delivery shall be made at the office of the said second party above stated; said deed to be made to Portsmouth Cotton Oil Refining Corporation, which last named concern has been by said second party incorporated for the purpose of taking the title and issuing the securities hereinafter mentioned, said second party agrees to take all proper and necessary steps to authorize the making, execution and delivery of a mortgage of $100,000.00 upon all of the property so transferred to it by the first party and to cause and procure the issue of $100,000.00 six *per cent.* bonds with coupons attached conditioned for the payment of said interest semi-annually at the office of the trustee to whom such mortgage shall be made. Said mortgage and bonds to be a first lien upon all of the property of said corporation then owned by it and all improvements to or additions thereon or thereto, and the principal of said bond shall be payable in gold of standard weight and fineness in ten years from the date of such mortgage; said bonds to be in denominations as follows: 200 bonds of $500 each.

"Said mortgage to contain provisions for the insurance and preservation of the property and all the ordinary and usual conditions attending like mortgages for securing a bond issue and shall be submitted for the approval of said first party before execution. The trustee therein shall be selected by said first party subject to the approval of said second party.

"It is understood that a meeting of the stockholders of the said first party has been called at the office of the company in Portsmouth, Va., for Friday, July 20, 1906, for the purpose of considering this agreement and proposition with a view to ratifying the same, and authorizing the proper officers of the company to execute the necessary deeds and transfers.

"The deed of said property when executed and delivered is to be free and clear of all incumbrance and the plant to be subject to the inspection of said second party as to its condition and working order before the acceptance by them of the deed.

"The stock in trade so to be transferred shall be inventoried by said first party (and), shall be paid for at the fair market value thereof for the purposes of this agreement. It is understood that the aggregate of such stock in trade is of the value of about $5,000.00. · Plant to be in good working condition when turned over.

"It is agreed, however, that the deed to the Portsmouth Corporation shall be subject to the perpetual right to use the railroad track's scales and use of tracks leading to the tracks of the crushing plant to the party of the first part."

The object of the action was to recover damages for the alleged breach of the provision in the contract of sale, that "the plant should be in good working condition when turned over" to the plaintiff.

The first error assigned by the Oliver Refining Company in its petition for a writ of error is to the action of the court in overruling the demurrer to the declaration.

The objection made to the common counts is without merit. They are in the usual form. Whether or not the agreement upon which the other counts are based could be introduced to sustain a recovery upon the common counts, was a question to be determined upon the trial when the evidence was offered and not upon a demurrer to those counts.

The objection made to the first and second counts, that upon

a proper construction of the agreement sued on there could be no recovery of damages against the defendant on account of losses resulting from the necessity of purchasing new presses, since the parties in entering into the agreement could not have contemplated any damage on that account, is equally without merit.   Conceding for the purposes of the demurrer that this were true, there were other grounds of damage alleged, which, if sustained, by proof, would have entitled the plaintiff to recover.   The demurrer to each count is a general demurrer. It goes to the whole of each count, and an objection which, if sustained, would not vitiate the whole count cannot be thus made.   The assignment of a special cause as ground of demurrer does not narrow the scope of the demurrer.   Where a count contains several breaches any one of which is well assigned, this is sufficient to maintain the action, and a general demurrer to the count should be overruled.   See *Henderson* v. *Stringer,* 6 Gratt. 129; *Wright* v. *Michie,* Do. 354.

The other grounds of demurrer are that the agreement on its face shows that the plaintiff is not a party to it; that the provisions therein contained were not made for its sole benefit; and that there is no privity between it and the defendant. The cases of *Newberry* v. *Newberry,* 95 Va. 119, 27 S. E. 899, and *McIlwaine* v. *Big Stony Lumber Co.,* 105 Va. 613, 54 S. E. 473, are relied on to sustain this ground of demurrer.

The instrument sued on in each of those cases was under seal, and the rigid rule of the common law applied except so far as modified by statute.   What is said in those cases must, therefore, be read and considered in connection with their facts.   If the agreement sued on in this case had been under seal, it may be that under the principles announced in those cases the plaintiff could not maintain an action upon it, because not made solely for its benefit, even though Aspegren and Company were acting as its agents in the transaction; for it seems to be well settled at common law that where an agent is contracted with by deed in his own name, his principal can-

not sue upon it.   See Dicey on Parties, side page 134, and
cases cited; Story on Agency, sec. 422, 3 Rob. Pr. (new), 34
to 37.   But it is a well established rule of law that where a
contract not under seal is made by an agent in his own name
for an undisclosed principal, either the agent or the principal
may sue upon it.   *Nat'l Bank* v. *Nolting,* 94 Va. 263, 26 S.
E. 826; 3 Rob. Pr. (new), 34; Dicey on Parties, side page
138-9; Mechem on Agency, sec. 769.

It is averred in the first count in the declaration that, in
making the contract sued on, Aspegren and Company were
acting for the plaintiff; that the contract was afterwards ap-
proved by the stockholders of the defendant company as a
contract with the plaintiff; that it (the plaintiff) furnished the
whole consideration to the defendant provided for by the con-
tract; and that the defendant conveyed and transferred all the
property mentioned in it to the plaintiff.   If these averments
are true, Aspegren and Company, in making the agreement
sued on, were the agents of the plaintiff company, and it had
the right to bring this action.

The averments of the second and third counts, if true, show
that the plaintiff is the assignee or beneficial owner of the con-
tract sued on in each of those counts, and under section 2860
of the Code it can maintain an action thereon in its own
name.

We are of opinion, therefore, that the demurrer to the de-
claration and to each count thereof was properly overruled.

The next assignment of error which we will consider is the
action of the court in refusing to permit the defendant to in-
troduce in evidence an agreement between the plaintiff, the
defendant and Aspegren and Company at the time the deed
provided for by the agreement sued on was executed.

The rejected agreement commences as follows: "Memor-
andum.—In the matter of the purchase of certain land and
personal property by Portsmouth Cotton Oil Refining Corpora-
tion from the Oliver Refining Company.   The parties to this

agreement being about to pass the deeds relating to this property, and some unsettled matters not having been provided for, it is understood and agreed that those matters" (naming them) "are to be hereafter adjusted."

Two of the unsettled matters referred to in that agreement, and which were reserved for future adjustment, were the repairs of certain tank cars and of the floor of the cooperage building. The tank cars and cooperage building are specifically mentioned in the agreement of sale and are parts of the "plant" which that agreement provided should be conveyed to the plaintiff free of all incumbrance and in good working condition when turned over, and was to be subject to the plaintiff's inspection as to its condition and working order before the acceptance of the deed.

Where two papers are executed at the same time or contemporaneously between the same parties, in reference to the same subject matter, they must be regarded as parts of one transaction, and receive the same construction as if their several provisions were in one and the same instrument. See *Harvey* v. *Anderson,* 10 Gratt. 386; *Torrance* v. *Shedd,* 112 Ill. 466-7; *Johnson* v. *Moore,* 28 Mich. 3, and cases cited in notes to 13 Cyc. 614.

The plaintiff having the right under its contract of purchase to inspect the plant as to its condition and working order before the acceptance of the deed, even if it were not its duty to do so, was under no obligation to accept the deed unless the plant was at that time in good working condition. It is true that the plaintiff insists that it could not ascertain whether or not the plant was in good working order until after it was conveyed and turned over to it. This contention, however, seems to contradict the language of the agreement of sale, which expressly provides for an inspection for that purpose before the acceptance of the deed.

If, when the deed was executed and delivered and the contemporaneous agreement entered into, the plaintiff did not

intend to receive the plant as in good condition in all respects, except as to tank cars and the cooperage floor, the agreement ought and naturally would have contained some provision on that subject. When to complete the performance of a contract and as preliminary to a conveyance of the property the parties come together and make an agreement stipulating for the future adjustment of certain specific matters of difference between them, the law assumes that they intended that, with the exception of things named, the provisions of the contract should, in all other respects, be treated as satisfied by the conveyance made, especially where the contemporaneous agreement in part relates to defects in the property conveyed which the original agreement of sale provided should be in good condition when turned over, which turning over it is conceded was done when the deed of conveyance was made and the contemporaneous agreement entered into. *Distrow* v. *Harris* (N. Y.), 25 N. E. 356.

The general rule is and no rule is better settled than that where a deed has been executed and accepted as a performance of an executory contract to convey real estate, the rights of the parties rest thereafter solely in the deed. This is true although the deed thus accepted varies from that provided for in the contract, and the law remits the grantee to his covenants in his deed, if there is no ingredient of fraud or mistake in the case. 2 Devlin on Deeds, sec. 850-a; *S. V. R. Co.* v. *Dunlop,* 86 Va. 346; *Trout* v. *N. & W. Ry. Co.,* 107 Va. 576, 1 Va. App. 636; note to *Clifton* v. *Jackson,* 16 Am. St. Rep. 621.

Whether the deed of conveyance executed in this case and accepted by the plaintiff, in the absence of the contemporaneous agreement, would have come within the general rule and rendered the executory contract sued on *functus officio* by merger, and have furnished the only evidence of the rights of the parties, as is argued by counsel for the defendant, need not be considered as that is not this case.

The action of the court in refusing to admit the contem-

poraneous agreement in evidence was error for which its judgment must be reversed.

The defendant assigns other errors, but as they are such as are not .likely to arise upon another trial or depend upon the evidence in the case, which will be different, it is unnecessary to consider them.

It follows from what has been said in disposing of the defendant's assignments of error that the plaintiff was not prejudiced by the action of the court in requiring it to remit a part of its recovery, and that its assignment of error is without merit.

The judgment must be reversed, the verdict set aside, and the cause remanded for a new trial not in conflict with the views expressed in this opinion.

*Reversed.*