# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## Portsmouth Cotton Oil Refining Corporation v. Oliver Refining Co.

### January 12, 1911.

#### Absent, Cardwell and Whittle, JJ.

1. JUDGMENT—*Res Judicata—Retraxit—Dismissal—Estoppel.*—Where a plaintiff sued two defendants in another State, and subsequently filed an amended complaint in which, after setting out his reasons therefor, he states that he makes no personal claim against one of the defendants, and will take such steps as are necessary to discontinue his action as to that defendant, this does not amount to a retraxit, but to a mere discontinuance or dismissal of his action as to that defendant, and does not bar a future action against that defendant for the same cause, and hence cannot be pleaded as an estoppel.

2. CONTRACTS—*Construction—Surrounding Circumstances.*—In construing a contract between parties, the court may look to the language employed, the subject matter and the surrounding circumstances.

3. SALES—*Contracts—Release—Case at Bar.*—It is conceded in the case at bar that the defendant was liable to the plaintiff for the purchase price of certain personal property sold in connection with a cotton oil refining plant, and designated as "stock in trade," and it is *held*, upon the evidence, that the object of a subsequent agreement entered into between the parties was to postpone the time for its delivery to the defendant until the parties could adjust certain differences between them, and not to release the defendant from liability for its payment, and that the "stock in trade" which was consumed by the defendant should be paid for by it.

4. APPEAL AND ERROR—*Rulings on Evidence—Correct Verdict.*—This court will not reverse the judgment of a trial court at the instance of a defendant, for alleged errors in the rejection or admission of evidence where it appears that if all the evidence offered by the defendant and rejected by the trial court had

been received, and all the evidence had been rejected which was offered by the plaintiff and admitted over the defendant's objection, it could not have affected the plaintiff's right to recover.

5. Appeal and Error—*Correct Verdict—Rulings on Instructions.*— When, upon the case made and offered to be made, no other verdict than the one found could have been properly rendered upon correct instructions, the question whether or not the trial court erred in instructing the jury need not be considered by this court.

Error to a judgment of the Circuit Court of Norfolk county in an action of assumpsit. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The special plea of estoppel referred to in the opinion of the court was in the words and figures following, to-wit:

"And the said defendant, by its attorney, comes and says that the said plaintiff ought not to be admitted to say, as in its said declaration it hath said and declared, that the stock in trade mentioned in the said declaration, the price and value of which is claimed and demanded in the said declaration, was conveyed, transferred and delivered to this defendant, and that the same should be paid for by this defendant through Aspegren and Company, and that the said stock in trade was delivered to this defendant, and that the plaintiff promised and undertook to pay for the same the sum of $4,818.30, because this defendant says that after the making of said agreement of July 13, 1906, and at the same time the defendant received from the plaintiff the deed for the real estate and plant referred to in said agreement and in said declaration, the plaintiff and defendant and said Aspegren and Company, a co-partnership composed of Adolph and John Aspegren, entered into an agreement which was in the words and figures following, to-wit:

" 'Memorandum.—In the matter of the purchase of certain land and personal property by Portsmouth Cotton Oil Refining Corporation from the Oliver Refining Company.

" 'The parties to this agreement being about to pass the deeds relating to this property, and some unsettled matters not having been provided for, it is understood and agreed that those matters, to-wit: the matter of the repairs to the thirty-one (31) tank cars; of the repairs to the cooperage floor; and the matter of the commissions due to or claimed by Aspegren and Company for the sale of the said property, are to be hereafter adjusted between Aspegren and Company and the Oliver Refining Company.

" 'It is further understood that the taxes upon the land and property sold, for the year 1906, are to be prorated between the seller and the purchaser; that is to say, the Oliver Refining Company will pay the whole of the taxes on all of the property owned by it for the year 1906, and after an adjustment of the proportion to be paid by the Portsmouth Company, said Portsmouth Company will repay to the Oliver Refining Company a proper proportion of the same.

" 'Pending the adjustment of these matters, the personal property on the premises mentioned in the contract of sale will be, and are hereby, delivered to Aspegren and Company as the original purchasers thereof; the amounts, if any, due to Aspegren and Company or the Portsmouth Cotton Oil Refining Corporation to be promptly paid to them and the amounts, if any, found to be due the Oliver Refining Company, to be promptly paid to them. Settlement for the personal property may await such adjustment.

" 'Witness the following signatures:
          "OLIVER REFINING CO.,
                    "Per WILLIAM OLIVER, Pres't.
          "ASPEGREN & CO.,
          "PORTSMOUTH COTTON OIL REF. CORP.,
                    "ADOLPH ASPEGREN, Sec'y."

"And after the making of said agreement just referred to and a long time before the commencement of this action the plaintiff commenced an action at law in the Supreme Court of the State of New York, in and for the county of Niagara, in said State, against this defendant and said Aspegren and Company, jointly, which said action was afterwards transferred to the county of New York, in said State of New York, in which action the plaintiff sought to recover the sum of $4,818.30, which in its complaint therein it alleged to be the value of said stock in trade, referred to in said agreement of July 13, 1906, that being the same sum demanded in its declaration herein, for the same stock in trade referred to in its declaration herein; and afterwards in the same action, in the said Supreme Court of the State of New York, the plaintiff prayed of the said court leave to discontinue its action therein as to this defendant, Portsmouth Cotton Oil Refining Corporation, upon the ground, among others, that when its said action against this defendant and the said Aspegren and Company, jointly, was commenced and the complaint therein served upon the defendants therein, the attorney for the said plaintiff, Oliver Refining Company, was not aware of the said agreement of August 24, 1906, nor of the provision therein contained that the stock in trade, the demand for the value of which constituted the sole cause of action of said plaintiff, Oliver Refining Company, should be, and was delivered to the said Aspegren and Company, as the original purchasers thereof; and in support of its said prayer for leave to so discontinue said action as to this defendant, the said plaintiff, Oliver Refining Company, filed an affidavit of its attorney stating as facts the facts which have been just above recited; and in the said action in the said State of New York the plaintiff also filed an amended complaint, in which it set forth as follows:

" 'That on or before the said 24th day of August, 1906, the plaintiff (Oliver Refining Company) caused an inventory to be made of the said stock in trade, and on said August 24th

transferred and delivered to the defendants, Adolph Aspegren and John Aspegren, the whole thereof in pursuance of said agreement; that the fair market value of said stock in trade was the sum of $4,818.30, which sum is due and owing from the defendants, Adolph Aspegren and John Aspegren, to the plaintiff, with interest thereon from August 24, 1906. That the property so denominated as stock in trade was delivered to the defendants, Adolph Aspegren and John Aspegren, as the original purchasers thereof, and the complaint in this action (meaning the original complaint) was framed and served upon the theory that the transfer of said stock in trade was covered by the clause in the agreement of the date of July 13, 1906, above set forth stipulating that title was to be taken to the Portsmouth Cotton Oil Refining Corporation, and this amended complaint is made and served to correct such theory and to allege, and the plaintiff does allege, that it, said plaintiff, makes no personal claim against the defendant, Portsmouth Cotton Oil Refining Corporation, on account of any of the matters set up in the complaint or in this amended complaint; that the plaintiff intends to and will take such steps as are required by law and by the rules and practice of this court to discontinue this action as against said defendant, Portsmouth Cotton Oil Refining Corporation.'

"And the defendant further avers that upon the said motion and filing of said amended complaint leave was granted by the said Supreme Court of the State of New York, Niagara county, to the plaintiff, to discontinue its said action against this defendant, and the same was accordingly so discontinued, and the said action continued against said Aspegren and Company alone and is still pending in said court.

"And this the said defendant is ready to verify; wherefore it prays judgment if the said plaintiff ought to be admitted against its own acknowledgment and admission by the pleadings and affidavit aforesaid, to say that the stock in trade men--

tioned in its declaration herein was transferred and delivered to this defendant, and that this defendant undertook and promised to pay the plaintiff for the same, or became liable in any way to pay the plaintiff for the same."

*J. W. Willcox*, for the plaintiff in error.

*Cadwallader J. Collins* and *E. R. F. Wells*, for the defend-in error.

Buchanan, J., delivered the opinion of the court.

This is an action of assumpsit brought by the Oliver Refining Company against the Portsmouth Cotton Oil Refining Corporation to recover the sum of $4,818.30, the price and value of certain personal property designated as "stock in trade" in an agreement between the plaintiff and Aspegren and Company (as agents of the defendant), dated July 13, 1906, for the purchase of a cotton oil refining plant and cer- tain personal property owned by the plaintiff. That agreement is fully set out in the case of *Oliver Refining Company* v. *Portsmouth Cotton Oil Refining Corporation and another*, 109 Va. 513, 64 S. E. 56.

It is a concessum in this case that under that agreement the defendant in this case was the purchaser of and liable for "the stock in trade" mentioned therein, and which is the subject matter of this suit, but the principal ground of defense relied on is that the defendant was relieved from that liability by a subsequent agreement made in August, 1906, known as the "Memorandum Agreement," and which is as follows:

"Memorandum.—In the matter of the purchase of certain land and personal property by Portsmouth Cotton Oil Refining Corporation from the Oliver Refining Company.

"The parties to this agreement being about to pass the deeds relating to this property, and some unsettled matters not having been provided for, it is understood and agreed that those

matters, to-wit, the matter of the repairs to the thirty-one (31) tank cars; of the repairs to the cooperage floor; and the matter of the commissions due to or claimed by Aspegren and Company for the sale of the said property, are to be hereafter adjusted between Aspegren and Company and the Oliver Refining Company.

"It is further understood that the taxes upon the land and property sold, for the year 1906, are to be prorated between the seller and the purchaser; that is to say, the Oliver Refining Company will pay the whole of the taxes on all of the property owned by it for the year 1906, and after an adjustment of the proportion to be paid by the Portsmouth Company said Portsmouth Company will repay to the Oliver Refining Company a proper proportion of the same.

"Pending the adjustment of these matters, the personal property on the premises mentioned in the contract of sale will be, and is hereby, delivered to Aspegren and Company as the original purchasers thereof; the amounts, if any, due to Aspegren and Company or the Portsmouth Cotton Oil Refining Corporation to be promptly paid to them, and the amounts, if any, found to be due the Oliver Refining Company, to be promptly paid to them. Settlement for the personal property may await such adjustment.

"Witness the following signatures:

     "OLIVER REFINING CO.,

         "Per WILLIAM OLIVER, Pres't.

     "ASPEGREN & CO.,

     "PORTSMOUTH COTTON OIL REF. CORP.,

         "ADOLPH ASPEGREN, Sec'y."

There was a verdict and judgment for the plaintiff for the amount sued for, and to that judgment this writ of error was awarded upon the petition of the defendant.

In addition to the defense that it had been released by the said "Memorandum Agreement," the defendant offered a special plea, designated in the record as a "plea of estoppel,"

which the court rejected.    This action of the court is assigned as error.

The court properly refused to permit that plea to be filed. The facts stated therein as to the proceedings had in the Supreme Court of the State of New York in the case of *Oliver Refining Company* v. *Aspegren and Company, and Portsmouth Cotton Oil Refining Corporation*, did not amount to a *retraxit*, but was a mere discontinuance or dismissal of the plaintiff's action against the Portsmouth Cotton Oil Refining Corporation, and was no bar to a future action against that company.    See *Coffman & Richardson* v. *Russell*, 4 Munf. 207; *Muse, &c.* v. *Farmers Bank*, 27 Gratt. 252.

The next question is: "Did the memorandum agreement have the effect of releasing the defendant from its liability to pay for "the stock in trade," under the agreement of July 13, 1906?

The construction of the memorandum agreement is not entirely free from difficulty, but looking at the language employed, the subject matter and the surrounding circumstances (*Bank of the Old Dominion* v. *McVeigh*, 32 Gratt. 530, 538), we do not think it was the intention that the defendant should be released from its purchase of "the stock in trade" under the contract of July 13, 1906, and thereby to sell that property to Aspegren & Co., but the object was to postpone the time for its delivery to the defendant until the parties could settle or adjust their differences; and that, in the meantime, Aspegren & Co. should hold "the stock in trade," to secure the payment of any sum that might be found due them upon such adjustment.

The defendant not having been released by that agreement from its contract to purchase "the stock in trade," was the plaintiff entitled to recover the price and value thereof at the time it brought this action?

If Aspegren & Co. had been in the possession of "the stock in trade" at that time, and the defendant had not received the benefit of its purchase, it may well be doubted whether

the plaintiff could have maintained this action. But that is not this case. It does not appear that Aspegren & Co. ever had actual possession of "the stock in trade" or ever exercised any control whatever over it. On the contrary, it clearly appears—indeed, it is agreed—that "the stock in trade" was delivered at the defendant's plant by the plaintiff, and used by the defendant. The case made by the record, as it seems to us, is this: the plaintiff and Aspegren & Co., acting for the defendant, entered into the agreement of July 13, 1906, for the sale and purchase of the cotton oil refining plant described in that contract and "the stock in trade;" that when the parties in interest met to finally consummate their agreement by the proper conveyance and transfer of the property sold, and the payment of the consideration, they were unable fully to do so, on account of the difficulties and unsettled matters mentioned in the memorandum agreement; that "the stock in trade" was not then delivered to the defendant, the purchaser thereof, nor paid for by it, but by agreement was to be delivered to Aspegren & Co., to be held by them to secure the payment of such sum, if any, as might be found due upon the adjustment of the claim or claims asserted by them, and settlement for "the stock in trade" was to await the adjustment of the unsettled matters mentioned in the memorandum agreement; that "the stock in trade" was not taken possession of by Aspegren & Co., but was delivered by the plaintiff at the defendant's plant and used—that is, consumed by it; that the unsettled matters between the parties have never been adjusted; and that nearly three years after the memorandum agreement was entered into, the plaintiff instituted this action to recover the undisputed price and value of "the stock in trade." its property, and delivered by it at the defendant's plant and used—consumed—by the latter. Upon this state of facts, the plaintiff was clearly entitled to recover.

Errors are assigned to the rejection and admission of evidence. It is unnecessary to consider these assignments in de-

tail, but it will be sufficient to say that if all the evidence offered by the defendant and rejected by the court had been admitted, and all the evidence had been rejected which was offered by the plaintiff and admitted over the defendant's objection, it could not have affected the plaintiff's right to recover.

The giving, amending and refusing of instructions is assigned as erroneous. Since, upon the case made and offered to be made, no other verdict than the one found could have been properly rendered upon correct instructions, the question whether or not the court erred in instructing the jury need not be considered.

*Affirmed.*