# Richmond

NORBORNE W. HALE, AND OTHERS V. B. A. DAVIS, JR., ET AL., RECEIVERS, ETC.

March 10, 1938.

Present, Campbell, C. J., and Holt, Hudgins, Eggleston and Spratley, JJ.

The opinion states the case.

*C. Carter Lee,* for the appellants.

*R. Lee Carney* and *P. H. Dillard, Jr.,* for the appellees.

HUDGINS, J., delivered the opinion of the court.

The only question presented by this record is the construction of the following deed:

"This indenture, made this 9th day of March in the year 1880, between Margaret J. Hale of the one part, and the Franklin & Pittsylvania Rail Road Company of the other part. Witnesseth: That the said Margaret J. Hale in Consideration of the benefits to accrue to her by the location by said company of a depot on her land at the terminus of said road at Rocky Mount and in the further consideration of the sum of one dollar doth grant unto the said Franklin & Pittsylvania Rail Road Company, the following piece or parcel of land on which it is proposed to erect said depot viz.

"Beginning at a stake on or near the line of the said Margaret J. Hale and Robert A. Scott thence across the end of the railroad S. 56-¾ W. 23.04 poles to a stake and pile of stones thence N. 33¼ W. 18.20 poles to a stake and pile of stones thence N. 56-¾ E. 23.04 poles cross the railroad to a stake on or near G. W. B. Hales and Scotts line S. 33¼ E. 18.20 poles to the beginning, containing with the *right of way* for railroad inclusive two and a half acres, but it is hereby expressly covenanted and agreed between the parties to this indenture that the *right of way* and only so much land of the grantor Margaret J. Hale is hereby conveyed as will be embraced in a space of twenty-

five yards from the right of way on the east side one hundred yards in length, and seventy-five yards from the right of way on the west side one hundred yards in length being computed from the end of the railroad track and the said Margaret J. Hale doth also grant unto the said Franklin & Pittsylvania Railroad Company the right of way over and through all of her other lands including forty feet from the center of the road bed on the said Railroad on each side thereof as the said Railroad is now located and graded, and the said Margaret J. Hale covenants that she will warrant generally the property and right of way hereby conveyed." (Italics supplied.)

After using the two and one-half acres for more than fifty years as a depot site and roadbed, the railway company failed. The receivers appointed abandoned the use of the land for railway purposes, subdivided it, and sold it at auction. The heirs of Margaret J. Hale filed their petition in this suit, claiming title to a strip eighty by 300 feet extending across the two and one-half acres described in the deed. They base their claim to the land, or its proceeds, on the ground that the deed did not convey a fee in this strip, but an easement, and that on the abandonment of the use of this strip as a right of way for railway purposes, the right of exclusive possession reverted to the grantor or her heirs.

The use of the term "right of way" as it first appears in the deed follows a description by métes and bounds, thus: "Containing with the right of way for railroad inclusive two and one-half acres." So used, the term is descriptive of a part of the land conveyed. The contention arises over its use in the next sentence, "but it is hereby expressly covenanted and agreed * * * that the *right of way*, and only so much of the land of the grantor * * * is hereby conveyed." (Italics supplied.) Following this, there is a description of two small separate parcels, one lying on the east and the other lying on the west side of the strip.

The specific question, is whether the grantor intended to convey the fee to all of the two and one-half acres described

by metes and bounds, or the fee in the two separate parcels, and an easement in the strip lying between them.

It is the duty of the court in construing a deed to ascertain the intention of the parties, gathered from the language used, and the general purpose and scope of the instrument in the light of surrounding circumstances. When such intention appears by giving the words their natural and ordinary meaning, technical rules of construction will not be invoked. *Lindsey* v. *Eckels,* 99 Va. 668, 40 S. E. 23; *Hurt* v. *Hurt,* 121 Va. 413, 93 S. E. 672.

It appears that at the time the deed was executed the grantor owned a large tract of land, and that a company had been organized to build and operate a short line railway with its western terminus within the two and one-half acres described. The grantor, anticipating that a depot on this site would enhance the value of her lands, and to secure the erection of the same, executed the deed to the railway company. At that time the roadbed for the railway had been located and graded. Subsequently, the depot was erected near the rails, and partly on the strip called "right of way."

Confining our attention to that part of the deed dealing with the two and one-half acre tract, we find it accurately describes the entire tract and states that the right of way is a part of it. This is followed by an accurate description of the two separate parcels lying on each side, but there is no description of the right of way itself, that is, the width is not given. By reference to the metes and bounds, this can be ascertained. If the grantor intended to convey only a fee in the small tracts on each side of the right of way, why was it necessary to include in the deed a survey of the land lying between these parcels.

The last part of the deed conveys a right of way "over and through all of her other land including forty feet from the center of the roadbed * * * on each side thereof as the said railroad is now located and graded." There is no uncertainty about the fact that this part of the deed conveys only a right of way, which is accurately de-

scribed. No reference to any other paragraph or plot is necessary to ascertain the exact meaning of the grantor. The trial court found, and we think correctly, that the term "right of way," used in connection with the two and one-half acres, did not denote the tenure of the estate granted, but was used as descriptive of a part of the two and one-half acres contained in the metes and bounds first given.

The decree of the trial court is affirmed.

*Affirmed.*