**CIRCUIT COURT OF CAMPBELL COUNTY**

C. Maxwell Giles

v.

Hugh M. Weaver et al.

September 18, 1972

By JUDGE WILLIAM W. SWEENEY

A hearing on the defendants' demurrer was held before me in Lynchburg this morning. At that time, counsel for both sides were present with their clients, and evidence on the merits was presented to the Court. Since I will rule on the merits, I will take no action on the demurrer.

The question is whether this Court should grant equitable relief by way of specific performance to the Complainant, Giles, who alleged, in effect, a variance between the plat attached to his sales contract and the deed and plat which have been duly recorded. The contract called for 21 acres, more or less, and the recorded plat showed that he received 22.92 acres. However, Giles claimed that several weeks after the transaction was closed and the money paid, he first discovered a shortage in the boundary line between lots 5 and 6 as shown on the 1947 Plat, and a similar shortage on the outside boundary line of lot 7, as shown on said Plat. The other point in issue concerned the reservation by the grantors of a certain area of land in front of the stone columns as shown on the plats, which area is approximately 100 feet by 188 feet.

The defendants presented evidence that they never intended to convey the area in question and that Giles was fully informed as to this fact during negotiations. They claimed that no mistake was made on their part and that

the recorded deed and plat reflected the intention of all parties. Apparently, the shortage claimed by Giles was due to the fact that property acquired by the State of Virginia for U.S. Route 460 was not reflected on the recorded plat of April 19, 1972, prepared by Adrian Overstreet, an independent State Certified Surveyor.

The case of *Portsmouth Refining Company* v. *Oliver, et al.,* 109 Va. 513, 64 S.E. 56 (1909), cited by counsel for Mr. Giles, correctly states the general law at 109 Va. p. 521:

> The general rule is and no rule is better settled than that where a deed has been executed and accepted as a performance of an executory contract to convey real estate, the rights of the parties rest thereafter solely in the deed. This is true although the deed thus accepted varies from that provided for in the contract, and the law remits the grantee to his covenants in his deed, if there is no ingredient of fraud or mistake in the case. 2 Devlin on Deeds, sect. 850-a; *S.V.R. Co.* v. *Dunlop,* 86 Va. 346; *Trout* v. *N. & W. Ry. Co.,* 107 Va. 576, 1 Va. App. 636; note to *Clifton* v. *Jackson,* 16 Am. St. Rep. 621.

Furthermore, the mistake sufficient to void or change the terms of a recorded instrument must be a mutual as distinguished from a unilateral mistake; otherwise, the deed must be interpreted exactly as it is written. The burden of proving fraud or mistake is on the party alleging same. *See Globe* v. *First National Bank,* 205 Va. 841, 140 S.E.2d 629 (1965); *The Law of Evidence in Virginia and West Virginia,* Nash, § 250. See also 5 Michie's Jurisprudence, *Deeds,* § 50. As is stated at 19 Michie's Jurisprudence, *Vendor and Purchaser,* § 110:

> The jurisdiction of equity to reform written instruments, where there is a mutual mistake, or mistake on one side and fraud or inequitable conduct on the other, is undoubted, but to justify such reformation, the evidence must be sufficiently cogent to thoroughly satisfy the mind of the Court.

While the evidence was somewhat confusing and conflicting on several points, I find that the complainant has failed to show fraud or the type mistake which would justify specific performance relief against the owners of the property. The Bill will, therefore, be dismissed. Counsel for defendants will prepare an order.