PRESENT: Hassell, C.J., Keenan,[1] Koontz, Lemons, Goodwyn, and
Millette, JJ., and Lacy, S.J.


SHIRLEY ANN BAILEY

                                        OPINION BY
v.        Record No. 090989    JUSTICE S. BERNARD GOODWYN
                                        April 15, 2010
TOWN OF SALTVILLE


FROM THE CIRCUIT COURT OF WASHINGTON COUNTY
C. Randall Lowe, Judge

In this appeal we consider whether a 1909 agreement and deed concerning a railroad right of way conveyed an easement or a fee simple interest to the railway company.

Background

In 1909, James L. White and Kate R. White (the Whites) recorded an agreement and a deed in the land records of Washington County concerning the conveyance of a right of way to Norfolk & Western Railway Company (Norfolk & Western). The agreement, signed by the Whites and the president of Norfolk & Western, stated that its purpose was to amicably settle a dispute concerning the width of a railroad right of way, dating from 1856, for an existing railroad track, and that the Whites were to convey by deed, "the right-of-way eighty (80) feet wide through the farm known as the Greenfield farm, with such

_____

[1] Justice Keenan participated in the hearing and decision of this case prior to her retirement from the Court on March 12, 2010.

additional width as may be necessary by reason of deep cuts and fills . . . ."

The agreement then listed the consideration for the agreement, which consisted of $250 and a number of other benefits, including a "siding or spur track near the [Whites'] residence . . . on Greenfield farm," an increase in the size of the culvert under the railroad to keep the area from flooding in the event of heavy rainfall, grading of land near the right of way to enable cattle to continue to cross the area to reach water and a number of other improvements to the surrounding area.

In the deed, executed on the same day as the agreement, the granting clause of the deed reads thus: "the parties of the first part [the Whites] do grant and convey unto the party of the second part [Norfolk & Western] all that certain strip or parcel of land situate in the County of Washington and State of Virginia, bounded and described as follows." The deed describes the land subject to the conveyance as beginning at a point on the centerline of the then existing track, where the Whites' land bordered on that of two other owners, as measured from a railroad mile marker. The description states, "thence a strip of land 80 feet in width 40 feet on the north and 40 feet on the south side" of the centerline "together with such

2

additional widths as are necessary for a single track railroad at deep cuts and fills."

The description of the strip of land travels along the existing railroad line giving distances from railroad mile markers and reference points where the Whites' land adjoins the land of others. The conveyed strip passes through the Greenfield farm, part of which is now the property of Shirley Ann Bailey (Bailey). The deed recites that the conveyance totals 20.59 acres, more or less. The deed also sets forth the survey calls giving the bearings and distances for the centerline of the track, and concludes with a covenant that the Whites "will warrant generally the land hereby conveyed."

Norfolk & Western abandoned their railroad line in 1993 and, in 1994, donated the railroad corridor to the Town of Saltville (Saltville) by way of a quitclaim deed, styled as a "Deed of Donation." Bailey acquired title to the relevant portion of the Greenfield farm in 2002 from her predecessors in title.

In 2004, Saltville began the process of removing the railroad track materials from the railroad corridor conveyed by the 1909 deed. Bailey posted "No Trespassing" signs and denied Saltville the right to enter the railroad corridor.

Saltville filed an action to quiet title and for ejectment in the Circuit Court of Washington County. Bailey filed an

3

answer denying that Saltville had valid title to the land that formed the railroad corridor, a motion to dismiss and a counterclaim. Both parties filed motions for summary judgment.

The parties agreed that each side traces its title back to the Whites and that the ownership claims of both parties depended upon the nature of the interest conveyed by the Whites to Norfolk & Western in 1909. Saltville claimed that Norfolk & Western acquired full fee simple ownership of the railroad corridor, which it subsequently conveyed to Saltville. Bailey contended that Norfolk & Western acquired easement rights to the corridor, and that those rights were extinguished by Norfolk & Western's abandonment of the railroad prior to its conveyance of its interest in the railroad corridor to Saltville.

After hearing arguments, the circuit court found in Saltville's favor. It held that "both the agreement and deed should be considered as part of one transaction because the Court does not see a conflict between the documents." The circuit court noted that the agreement used the term "right of way," but it contemplated that "the deed prepared on the same day as the agreement would be entered to consummate the agreement." The circuit court held that the deed, by its language, conveyed a fee simple interest in the subject property to Norfolk & Western. Therefore, the circuit court

4

granted Saltville's motion for summary judgment and denied Bailey's motion for summary judgment.  Bailey appeals.

Analysis

Bailey claims that the circuit court erred in holding that the 1909 deed conveyed a fee simple interest to Norfolk & Western.  Bailey argues that the circuit court correctly held that the agreement and the deed should be considered as part of the same transaction, and she notes that the agreement filed with the deed indicates that a right of way was being conveyed. Bailey argues that in 1909, the ordinary and accepted meaning of "right of way" denoted a right to pass over the land of another person.  Thus, according to Bailey, reading the agreement along with the deed, and construing the deed so as to give effect to the intent of the parties, required the circuit court to rule that the 1909 deed conveyed an easement rather than a fee simple interest.

In support of her position, Bailey points out that the deed does not specifically state the interest that it is conveying, and she claims that the deed does not contain a metes and bounds description, because it describes a line and specifies a width that is variable on either side "as . . . necessary for a single track railroad at deep cuts and fills." This, according to Bailey, indicates that the Whites intended to convey the land for a particular purpose, that is, for a

5

single track railroad, which is consistent with an easement being the interest in land that was transferred by the 1909 deed.  Bailey also contends that Norfolk & Western's rights to the easement were extinguished by its abandonment of the railroad prior to Norfolk & Western's conveyance of the property to Saltville; thus, Norfolk & Western's quitclaim deed did not transfer to Saltville any interest in the railroad corridor.

Saltville claims that Norfolk & Western acquired a full fee simple ownership of the railroad corridor in 1909 and that Norfolk & Western subsequently conveyed that fee simple interest to Saltville.  Saltville states that the use of the term "right of way" in the agreement is not at odds with the deed, which conveyed a fee simple interest because, by 1909, Virginia law recognized that a railroad company could own a fee simple title to a corridor of land containing the railroad's right of way.  Saltville claims that the 1909 agreement between the Whites and Norfolk & Western specifically said that the right of way through the farm would be conveyed by deed.  The deed then gives a precise description of the land being conveyed, including the metes and bounds of the centerline. Saltville claims that the plain language of the deed indicates that the deed conveyed a fee simple interest in land.

There is no dispute that the 1909 deed and agreement are valid, nor is there any dispute regarding what land was conveyed by the 1909 deed. The question in dispute concerns the nature of the interest in land conveyed by the deed. Such a determination presents a question of law which is subject to de novo review. Ott v. L&J Holdings, LLC, 275 Va. 182, 187, 654 S.E.2d 902, 904-05 (2008).

Deeds are to be construed by giving the words used their natural and ordinary meaning. E.g., Davis v. Henning, 250 Va. 271, 274, 462 S.E.2d 106, 108 (1995); Hale v. Davis, 170 Va. 68, 71, 195 S.E. 523, 524 (1938). The language in the deed is taken most strongly against the grantor and most favorably to the grantee. Hite v. Town of Luray, 175 Va. 218, 224, 8 S.E.2d 369, 371 (1940). In addition, it is not permissible to interpret that which has no need of interpretation. Conner v. Hendrix, 194 Va. 17, 25, 72 S.E.2d 259, 265 (1952).

This Court has also stated that "[w]here two papers are executed at the same time or contemporaneously between the same parties, in reference to the same subject matter, they must be regarded as parts of one transaction, and receive the same construction as if their several provisions were in one and the same instrument." Oliver Refining Co. v. Portsmouth Cotton Oil Refining Corp., 109 Va. 513, 520, 64 S.E. 56, 59 (1909) (citing Anderson v. Harvey, 51 Va. (10 Gratt.) 386, 396 (1853) (two

7

deeds executed the same day and made by the same parties concerning the same property "must be regarded as parts of one transaction, and as constituting in law one entire deed")). The Whites and Norfolk & Western recorded the deed and the agreement on the same day. Both documents refer to the land transaction. We will assume without deciding that the circuit court rightfully considered both of the documents together.

The language in the agreement that the deed is to convey a "right of way" is not at odds with the plain language of the deed. Assuming, as asserted by Bailey, that a "right of way" was understood in 1909 to be a right or privilege to pass over the land of another person, the granting of such a right could be accomplished by the granting of a fee simple interest, as well as by the granting of an easement.

In determining whether the deed conveys an easement or a fee simple, this Court's rules of deed construction dictate that this Court must "ascertain the intention of the parties, gathered from the language used, and the general purpose and scope of the instrument in the light of surrounding circumstances. When such intention appears by giving the words their natural and ordinary meaning, technical rules of construction will not be invoked." Hale, 170 Va. at 71, 195 S.E. at 524.

The deed from the Whites to Norfolk & Western described the conveyance as "all that certain strip or parcel of land." The description given in the deed is a "strip of land" eighty feet in width, being forty feet on either side of the centerline of the railroad track.  At the conclusion of the deed, the Whites covenant that they will warrant generally "the land hereby conveyed."  Giving the words used in the deed their natural and ordinary meaning, we conclude that the Whites transferred complete ownership to Norfolk & Western of the strip of land, which is the subject of the deed.

In the 1904 edition of the Code of Virginia, applicable in 1909, § 2420 provided:

> Where any real estate is conveyed, devised or granted to any person without any words of limitation, such devise, conveyance or grant shall be construed to pass the fee simple or other whole estate or interest which the testator or grantor had power to dispose of in such real estate, unless a contrary intention shall appear by the will, conveyance or grant.[2]

Nowhere in the deed is the interest being granted to Norfolk & Western described as anything other than a complete conveyance

---

[2] The Code has contained provisions in accord with such language since at least 1873.  Markells v. Markells, 73 Va. (32 Gratt.) 544, 557 (1879) (applying the 1873 statute); see also current Code § 55-11 (providing that "[w]hen any real estate is conveyed . . . or granted to any person without any words of limitation such . . . conveyance or grant shall be construed to pass the fee simple or other whole estate or interest which the . . . grantor has power to dispose of in such real estate, unless a contrary intention shall appear by the . . . conveyance or grant").

of land.  There are no words of limitation anywhere in the deed to modify the words of grant.  There is no reversionary clause or condition subsequent.  No language restricts the use of the property or establishes a termination date for Norfolk & Western's property rights.  Nothing in the deed states that the grant is restricted to an easement that would terminate in the event that the railroad ceases operation.  Additionally, the general warranty contained in the deed, as well as the statement concerning the total acreage being conveyed, indicate that a fee simple interest was being transferred.

Therefore, we hold that the circuit court did not err in finding that a fee simple interest was transferred to Norfolk & Western Railway Company by the 1909 deed and that the Town of Saltville is presently the fee simple owner of that strip of land conveyed by the 1909 deed.  Accordingly, the judgment of the circuit court will be affirmed.

<u>Affirmed.</u>