COURT OF APPEALS OF VIRGINIA

Present: Judges AtLee, Chaney and Lorish
Argued at Lexington, Virginia


TONY E. BILLER, ET AL.
                                                    MEMORANDUM OPINION* BY
v.        Record No. 1870-23-3                       JUDGE RICHARD Y. ATLEE, JR.
                                                         MARCH 4, 2025
STEVEN E. MORROW, ET AL.


              FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
                          Andrew S. Baugher, Judge

              Quinton B. Callahan (Katherine M. Mann; Clark & Bradshaw, P.C.,
              on brief), for appellants.

              Grant D. Penrod (David A. Penrod; Angelyn G. Gemmen; Hoover
              Penrod PLC, on brief), for appellees.


        This case involves ownership of a tract of land that is used by multiple people to access their

properties. Appellants Tony Biller, Joni Biller, John Coffman, and Kay Coffman appeal the

decision of the circuit court granting summary judgment for appellees Steven Morrow, Lance

Morrow, Jill Morrow, and David Morrow. The Billers filed suit in the circuit court seeking quiet

title to the private roadway known as Cooper's Hawk Lane. The circuit court found that David

Morrow owned the private roadway in fee simple. On appeal, appellants argue that the circuit court

erred because it interpreted the deed at issue to convey the lane in fee simple rather than as the

conveyance of a right of way over the lane. Appellants also argue that the circuit court erred by

inferring the intent of the parties to the deed at this stage of the proceedings and when no evidence

supported the inference. For the following reasons, we disagree and affirm the decision of the

circuit court.

_____
        * This opinion is not designated for publication. See Code § 17.1-413(A).

## I. BACKGROUND

The property at issue on appeal is a private roadway referred to as Cooper's Hawk Lane. The lane borders the Billers' property. Steven, Lance, and Jill Morrow use Cooper's Hawk Lane to access their respective properties. The Billers filed a complaint to quiet title, claiming that they were the owners of Cooper's Hawk Lane and had allowed Steven, Lance, and Jill Morrow to use the lane as an access route, but that they had since rescinded that permission.

David Morrow filed a complaint to interplead, which was granted by the circuit court, alleging that he was the owner of the parcel of land "which includes the .5 acres known as Cooper[']s Hawk Lane." David Morrow filed an answer and a motion for summary judgment.

As the circuit court noted, there was a single issue on summary judgment—"is David Morrow the fee simple owner of Cooper's Hawk Lane, or does he merely have a right to use Cooper's Hawk Lane for access to his property?" The parties agreed that the issue turned solely on the language of a particular deed and that "the ownership of th[e lane] depend[ed] upon the nature of the interest conveyed from [Miller and Marie Coffman] to Leonora Morrow in 1964."

In 1964, Miller and Marie Coffman conveyed by deed to Leonora Morrow "all that certain tract or parcel of land, consisting of a field, timber, and right of way one pole wide, as shown on the plat hereto attached and made a part of this deed." The metes and bounds description outlined the property, including Cooper's Hawk Lane. The plat attached to the deed matches the metes and bounds description and includes Cooper's Hawk Lane.

Prior to executing the deed, Miller Coffman and Leonora Morrow entered a sales agreement, where the Coffmans agreed to sell Leonora "approximately 15 acres of land with an additional strip for a 16' right of way." The agreement stated that "the Coffman family is to have use of the right of way for access to their property." David Morrow later acquired this property from Leonora's (his mother) estate.

Subsequently, Miller and Marie Coffman conveyed their remaining property to John and Kay Coffman. John and Kay Coffman then conveyed the property to the Billers, though John and Kay reserved a life estate in the property.

The Billers' original complaint alleged that they owned Cooper's Hawk Lane. Yet the deed by which Miller and Marie Coffman conveyed the property to John and Kay Coffman did not include Cooper's Hawk Lane. The metes and bounds description described the property conveyed as extending to Cooper's Hawk Lane rather than including it. Thus, the conveyance to the Billers likewise did not include Cooper's Hawk Lane. At the hearing on the summary judgment motion, the parties agreed that the Billers' property ends at the edge of Cooper's Hawk Lane and that the Billers did not own Cooper's Hawk Lane. Consequently, the Billers changed their position, arguing that John Coffman owned Cooper's Hawk Lane because Miller and Marie Coffman "never relinquished fee simple ownership of Cooper's Hawk Lane and, therefore, John Coffman is the current owner of Cooper's Hawk Lane as the beneficiary of Miller Coffman's estate." After the hearing, John and Kay Coffman joined the suit as plaintiffs and adopted the Billers' position.

The Billers argued that the 1964 deed conveying the property to Leonora Morrow conveyed only a right of way over Cooper's Hawk Lane. They argued that the language of the deed explicitly limited the interest conveyed by repeatedly using the phrase "right of way." Because the deed contained limiting language, they contended that it conveyed only a right of way rather than a fee simple conveyance. The Morrows, on the other hand, argued that the only conclusion from the pleadings and language of the deed is that David Morrow owned Cooper's Hawk Lane in fee simple.

The circuit court concluded that the deed "intended to convey a fee simple interest in the property, including the portion described as 'right of way,' to Leonora Morrow." It acknowledged that "right of way" is usually a term to describe the right to pass over another's land, but it noted

that was not an absolute rule and can also be used as descriptive of the property conveyed in fee simple. The circuit court found that the language "field, timber, and right of way one pole wide" was descriptive of the land conveyed in fee simple, which was confirmed by both the plat and the metes and bounds description. Thus, the circuit court concluded that David Morrow is the current owner of Cooper's Hawk Lane. Appellants now appeal.

## II. ANALYSIS

The sole issue on appeal is whether the language of the Morrow deed conveyed a right of way over Cooper's Hawk Lane or a fee simple interest in the lane. Appellants argue that the circuit court erroneously interpreted the deed to convey a fee simple interest despite the repeated use of the term "right of way." They contend that the deed uses "exclusively limiting language" in describing the conveyance.

"In an appeal from a circuit court's decision to grant or deny summary judgment this Court reviews the application of law to undisputed facts de novo." *Va. Fuel Corp. v. Lambert Coal Co.*, 291 Va. 89, 97 (2016) (quoting *Deutsche Bank Nat'l Tr. Co. v. Arrington*, 290 Va. 109, 114 (2015)). Additionally, "we review the record applying the same standard the trial court must adopt in reviewing a motion for summary judgment, accepting as true 'those inferences from the facts that are most favorable to the nonmoving party, unless the inferences are forced, strained, or contrary to reason.'" *Klaiber v. Freemason Assocs.*, 266 Va. 478, 484 (2003) (quoting *Dudas v. Glenwood Golf Club, Inc.*, 261 Va. 133, 136 (2001)). But "[w]e review de novo a circuit court's interpretation of words in a deed." *Marble Techs., Inc. v. Mallon*, 290 Va. 27, 33 (2015).

When construing a deed, we are required to "give effect to the parties' intention as expressed by them in the words they have used." *Wetlands Am. Tr., Inc. v. White Cloud Nine Ventures, L.P.*, 291 Va. 153, 160 (2016). "Deeds are to be construed by giving the words used

their natural and ordinary meaning." *Bailey v. Town of Saltville*, 279 Va. 627, 633 (2010). "Furthermore, '"the whole of a deed and all its parts should be considered together" in order to determine the controlling intent.'" *Mount Aldie, LLC v. Land Tr. of Va., Inc.*, 293 Va. 190, 197 (2017) (quoting *Wetlands*, 291 Va. at 161). "No word or clause in the [deed] will be treated as meaningless if a reasonable meaning can be given to it, and there is a presumption that the parties have not used words needlessly." *Wetlands*, 291 Va. at 161 (alteration in original) (quoting *Squire v. Va. Hous. Dev. Auth.*, 287 Va. 507, 516 (2014)). In cases such as this, where a court is determining whether a deed conveys an easement or a fee simple interest, "this Court must 'ascertain the intention of the parties, gathered from the language used, and the general purpose and scope of the instrument in the light of surrounding circumstances.'" *Bailey*, 279 Va. at 633-34 (quoting *Hale v. Davis*, 170 Va. 68, 71 (1938)). Further, the "language in the deed is taken most strongly against the grantor and most favorably to the grantee." *Id.* at 633.

Although the term "right of way" is generally used to "describe a right belonging to a party to pass over land of another," *Ryder v. Petrea*, 243 Va. 421, 423 (1992) (quoting *Right of way*, *Black's Law Dictionary* (6th ed. 1990)), the Supreme Court has, in some cases, found that what appeared to be a right of way can in fact be a conveyance in fee simple because a "right of way" may "be accomplished by the granting of a fee simple interest, as well as by the granting of an easement," *Bailey*, 279 Va. at 633. Thus, in some cases, using the term "right of way" can simply be "descriptive of" part of the property conveyed in fee simple. *Hale*, 170 Va. at 72. In evaluating the type of interest conveyed, the court looks to whether the conveyance was made without any limiting language. *See* Code § 55.1-110 ("When any real estate is conveyed, devised, or granted to any person without any words of limitation, such conveyance, devise, or grant shall be construed to pass the fee simple or other whole estate or interest that the testator or grantor has power to dispose of . . . .").

In *Hale v. Davis,* the grantor conveyed to a railroad two parcels "containing with *the right of way* for railroad inclusive two and a half acres." 170 Va. at 69. The grantor's heirs argued the deed conveyed only a right of way. *Id.* at 70. The Court found, however, that the deed conveyed an interest in fee simple. *Id.* at 72. It noted that the deed included a description of the "right of way" within the metes and bounds description of the property conveyed. *Id.* at 70. The deed described the entire tract of land and "state[d] that the right of way is a part of it." *Id.* at 71. It concluded that the use of the term right of way "did not denote the tenure of the estate granted, but was used as descriptive of a part of the two and one-half acres contained in the metes and bounds first given." *Id.* at 72.

Here, the language in the deed likewise points to a conveyance in fee simple. The deed states that Miller and Marie Coffman "hereby grant and convey to . . . [Leonora Morrow] . . . all that certain tract or parcel of land, *consisting of* a field, timber and right of way one pole wide, as shown on a plat hereto attached . . . ." (Emphasis added). While the Billers focus on the "right of way" language, the important language here is the "consisting of" language. The grant was of a parcel of land that contained or consisted of the listed items. Those listed items are simply a description of the parcel of land conveyed. The language does not read as a conveyance of land plus a right of way over a separate piece of land. Thus, like in *Hale*, the use of the right of way language is "descriptive of" a part of the land conveyed in fee simple. *Hale*, 170 Va. at 72.

This is supported by the metes and bounds description, which, as in *Hale*, includes a description of the entire property—including the alleged right of way. The description here goes around the outside of the entire property, including Cooper's Hawk Lane. And the plat attached to the deed also shows the lane as part of the property. The Billers note that the plat has a line drawn between the rest of the property and Cooper's Hawk Lane. But the metes and bounds description does not describe such a line, and the plat is merely illustrative of the metes and

- 6 -

bounds of the property being conveyed. *See Beach v. Turim*, 287 Va. 223, 229 (2014) ("[W]hen a deed incorporates a plat by reference, the plat is considered part of the deed itself but *only for descriptive purposes* to establish the metes and bounds of the property being conveyed." (quoting *Burdette v. Brush Mountain Ests., LLC*, 278 Va. 286, 298 (2009))). Thus, a wayward line on a plat does not overrule the metes and bounds description.

Finally, the sale agreement executed along with the deed supports our interpretation of the deed as a conveyance of a fee simple interest. *Bailey*, 279 Va. at 633 ("[W]here two papers are executed at the same time or contemporaneously between the same parties, in reference to the same subject matter, they must be regarded as parts of one transaction, and receive the same construction as if their several provisions were in one and the same instrument." (quoting *Oliver Refin. Co. v. Portsmouth Cotton Oil Refin. Corp.*, 109 Va. 513, 520 (1909)). Though the initial language in the agreement does suggest that the lane was a right of way, it also states that "the Coffman family is to have use of the right of way for access to their property." Thus, rather than convey a right of way, it appears that the Coffmans intended to reserve a right of way for their own use. This is consistent with the language of the deed conveying land that "consist[s] of . . . [a] right of way." Accordingly, we find that the deed conveyed a fee simple interest in Cooper's Hawk Lane. Thus, the circuit court did not err.[1]

---

[1] Appellants' second assignment of error contends that the circuit court erred as a matter of law by inferring the intent of the parties in favor of the nonmoving party contrary to the standard on summary judgment. They argue that no evidence was presented to support the inference and summary judgment is not appropriate if there is a factual dispute. But the "[c]onstruction of a controlling document may be an appropriate basis for summary judgment in Virginia" where "it is shown that the moving party is entitled to judgment as a matter of law." *Leeman v. Troutman Builds, Inc.*, 260 Va. 202, 206 (2000). Here, the circuit court did not infer the intent of the parties but rather gave "effect to the parties' intention as expressed by them in the words they have used." *Wetlands*, 291 Va. at 160.

## III. CONCLUSION

For these reasons, we affirm the decision of the circuit court.

*Affirmed.*